UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 08-10265-RWZ

STEPHEN OVERKA

v.

UNITED STATES OF AMERICA

MEMORANDUM OF DECISION

October 21, 2016

ZOBEL, S.D.J.

Petitioner Stephen Overka moves this court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. He claims that under the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"), and Welch v. United States, 136 S. Ct. 1257 (2016), he is no longer an armed career criminal under the Armed Career Criminal Act of 1984 ("ACCA"). Specifically, he contends that after these decisions, he does not have three predicate "violent felonies" or applicable "serious drug offenses" such that he can be classified as an armed career criminal. See 18 U.S.C. § 924(e)(1)–(2). The government maintains that three of petitioner's prior offenses still constitute valid ACCA predicates: armed robbery; unarmed robbery and assault and battery (+65 bodily injury);[1] and assault and battery with a dangerous weapon

---

[1] Although in the introduction of its opposition to petitioner's motion, the government lists the offense as "unarmed robbery and assault and battery (+65 bodily injury)," the government argues only that unarmed robbery still constitutes a violent felony and makes no further mention of "assault and battery (+65 bodily injury)." Accordingly, I consider only the unarmed robbery conviction.

1

("ABDW"). See Docket # 27, at 1. Because I agree that petitioner's prior conviction for Massachusetts unarmed robbery does not qualify as a "violent felony," his motion is granted.

**I.    Background**

On February 10, 2009, petitioner pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g). He was sentenced on that day to 15 years of imprisonment, the mandatory minimum under the ACCA. The term of imprisonment was set to begin nunc pro tunc on the date of the federal indictment, September 10, 2008, and was to be served concurrently with a state prison sentence that began in 2007. At the hearing, the petitioner, through counsel, agreed that "there is no dispute that [he was] subject to the enhanced penalties under 924(e)" and said that he did not "believe that the Court [had] the authority to go below the mandatory minimum sentence to take into account the approximately 20 months [petitioner had] already spent in [state] custody." Docket # 23, at 4–5.

After the sentence was imposed, the Probation Office prepared a presentence investigation report ("PSR"), in which it identified at least three prior convictions[2] that constituted either a "violent felony" or applicable "serious drug offense" that were committed on separate occasions, see 18 U.S.C. § 924(e)(1)–(2): armed robbery; arson in a dwelling and breaking and entering a dwelling in night time with intent to commit larceny; arson; burglary; unarmed robbery, assault with intent to rob, assault and battery (+65 bodily injury); assault and battery with a dangerous weapon. On June 27, 2016,

---

[2] When multiple convictions were listed within a single paragraph of the PSR, the Probation Office did not specify which of the convictions (or whether all) constituted a "violent felony." I include here all of the potentially relevant convictions listed in the paragraphs specified in the PSR.

petitioner filed the instant § 2255 motion seeking to vacate and correct his sentence in light of Johnson II. See Docket # 18.

## II.  Standard

Under 28 U.S.C. § 2255, a federal prisoner "claiming the right to be released upon the ground that [a] sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). This "statute was intended to provide a federal prisoner with an exclusive means of challenging the validity of his conviction or sentence, save only in those few instances in which the statutory remedy proved 'inadequate or ineffective to test the legality of his detention.'" Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) (quoting 28 U.S.C. § 2255(e)). A prisoner seeking to challenge a sentence under § 2255 must bring the motion[3] within a one-year limitations period, which as relevant here, runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

## III.  Discussion

Under the ACCA, a defendant convicted of being a felon in possession of a firearm who has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another," faces a mandatory minimum sentence of fifteen years of imprisonment. See 18 U.S.C. § 924(e)(1); see also

---

[3] "In terms, 28 U.S.C. § 2255 speaks of a 'motion' rather than a 'petition,' yet the latter word is more commonly used to describe the vehicle by which a person held in custody seeks post-conviction relief." Raineri v. United States, 233 F.3d 96, 97 n.1 (1st Cir. 2000). Going forward, I will "use the term 'petition' throughout this opinion in order to avoid confusion." Id.

3

Johnson II, 135 S. Ct. at 2555.  At the time petitioner was sentenced, a "violent felony" was defined as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).  "Clause (i) is sometimes referred to as the 'force clause.' . . . The portion of clause (ii) following the enumerated offenses is known as the 'residual clause.'"  United States v. Holloway, 630 F.3d 252, 256 (1st Cir. 2011) (citations omitted).  In Johnson II, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague.  See 135 S. Ct. at 2557.  The Court held that Johnson II applied retroactively to cases on collateral review in Welch.  See 136 S. Ct. at 1268.

The government argues that I should reject this petition because (1) petitioner has three prior offenses that qualify under the ACCA's force clause; and (2) petitioner procedurally defaulted his claim by acknowledging that he was subject to the mandatory minimum under the ACCA at his Rule 11 hearing and sentencing.  I address each of these arguments in turn.

    **A.**    **Petitioner's Predicate Convictions**

The government first argues that petitioner's prior convictions of armed robbery, unarmed robbery,[4] and ABDW each still constitutes a "violent felony" under the ACCA's force clause.  See 18 U.S.C. § 924(e)(2)(B)(i) (including in the term "violent felony" a crime that "has as an element the use, attempted use, or threatened use of physical

---

[4] See supra note 1.

4

force against the person of another"). In Johnson v. United States, 559 U.S. 133 (2010) ("Johnson I"), the Supreme Court held that "in the context of a statutory definition of 'violent felony,'" in the ACCA, "the phrase 'physical force' means violent force — that is, force capable of causing physical pain or injury to another person." Id. at 140. Petitioner argues that none of these offenses qualifies under the force clause. Because I agree that unarmed robbery does not fall under the ACCA's force clause and petitioner needs three applicable predicate convictions to qualify as an armed career criminal, see 18 U.S.C. § 924(e)(1), I need not reach the question of whether armed robbery and ABDW qualify as violent felonies under the force clause.

Under Massachusetts General Laws, a conviction for unarmed robbery requires that a defendant, "not being armed with a dangerous weapon, by force and violence, or by assault and putting in fear, robs, steals or takes from the person of another, or from his immediate control, money or other property which may be the subject of larceny." Mass. Gen. Laws ch. 265, § 19(b). In Commonwealth v. Jones, 283 N.E.2d 840 (Mass. 1972), the Massachusetts Supreme Judicial Court ("SJC") examined the unarmed robbery statute. Looking to the definition of robbery under Massachusetts law, the SJC held that "[w]hether actual or constructive force is employed, the degree of force is immaterial so long as it is sufficient to obtain the victim's property 'against his will.'" Id. at 843 (quoting Mass. Gen. Laws. ch. 277, § 39). Even "the snatching or sudden taking of property" falls under the statute because "so long as the victim is aware of the application of force which relieves him of his property, the crime is, at least to some degree, 'against . . . (the victim's) will.'" Id. at 844 (alteration in original) (quoting Mass. Gen. Laws. ch. 277, § 39). Under this interpretation of unarmed robbery by the SJC, a

defendant can be convicted without exerting "violent force," or "force capable of causing physical pain or injury to another person," Johnson I, 559 U.S. at 140; accord United States v. Parnell, 818 F.3d 974, 978–81 (9th Cir. 2016) (reaching the same conclusion for Massachusetts armed robbery under the ACCA's force clause).

The government argues that "[i]t is the implicit threat of violence that accompanies every robbery that leads to the conclusion that this crime qualifies as a 'violent felony' under the force clause of the ACCA; indeed, the statute, by its terms, requires that the crime be committed 'by force and violence, or by assault and putting in fear.' Mass. Gen. Laws ch. 265, § 19(b) (emphasis added). To construe the statute otherwise would be to render the term 'violence' in the clause 'force and violence' superfluous, as all that would be required would be a minimal degree of 'force.'" Docket # 27, at 4. While the interpretation in Jones may not cohere with the most natural reading of the unarmed robbery statute, "[t]he notion that robbery is not a 'violent felony,' as that term is defined in the [ACCA] . . . is compelled by . . . Massachusetts law," as established in Jones. See Parnell, 818 F.3d at 982 (Watford, J., concurring). And I am "bound by the [SJC]'s interpretation of state law, including its determination of the elements" of unarmed robbery. See Johnson I, 559 U.S. at 138.

The government also points to United States v. Luna, 649 F.3d 91 (1st Cir. 2011), where the First Circuit held that Massachusetts armed robbery involves "violent force" under the ACCA's force clause, id. at 108–09, and contends that Luna compels the same outcome for unarmed robbery. Because Luna's holding was confined to

6

armed robbery, I do not read Luna to necessarily extend to unarmed robbery.[5]  But see Electronic Order, United States v. Moon, No. 1:11-cr-10223-DJC-1 (D. Mass. Aug. 4, 2016), ECF No. 248 (reaching the opposite conclusion).  Petitioner's conviction for Massachusetts unarmed robbery does not constitute a violent felony under the ACCA.

## B. Procedural Default

The government also contends that petitioner procedurally defaulted his claim by acknowledging that he qualified as an armed career criminal at his Rule 11 hearing and sentencing and that the mandatory minimum sentence applied to him.  See Bucci v. United States, 662 F.3d 18, 29 & n.10 (1st Cir. 2011).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted).  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.  Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, [the Supreme Court has] note[d] that a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . would constitute cause under this standard." Murray v. Carrier, 477 U.S. 478, 488 (1986) (citing Reed v. Ross, 468 U.S. 1, 16 (1984)); see Ross, 468

---

[5] Luna provided limited reasoning as to its outcome, explaining that "Luna has also provided no reason for us to conclude that the type of force involved in armed robbery is not 'violent force — that is, force capable of causing physical pain or injury,' . . . and we see no reason to do so." Luna, 649 F.3d at 108–09 (quoting Johnson I, 559 U.S. at 140).  Nor did Luna address the SJC's decision in Jones.  Under these circumstances, I do not read Luna's holding for armed robbery to compel the same outcome for unarmed robbery.  Absent guidance from the First Circuit Court of Appeals on the specific question of unarmed robbery, I will follow what I believe is the outcome compelled by Jones.

7

U.S. at 16 ("[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures.").[6]

Here, petitioner was sentenced in February 2009. At that time, the Supreme Court had explicitly rejected a vagueness challenge to the ACCA's residual clause. See James v. United States, 550 U.S. 192, 210 n.6 (2007) ("While ACCA requires judges to make sometimes difficult evaluations of the risks posed by different offenses, we are not persuaded by JUSTICE SCALIA's suggestion — which was not pressed by James or his amici — that the residual provision is unconstitutionally vague."). Only in Johnson II did the Supreme Court hold that the ACCA's residual clause "violates the Constitution's guarantee of due process" and overrule James. Johnson II, 135 S. Ct. at 2563.[7]

Under these circumstances, "the state of the law at the time of [petitioner's sentence] did not offer a 'reasonable basis' upon which to challenge" his armed career criminal status, and so petitioner "had cause for failing to raise the issue at that time." See Ross, 468 U.S. at 16–17 (quoting Ross v. Reed, 704 F.2d 705, 708 (4th Cir. 1983)). In Johnson II, the Supreme Court "articulated a constitutional principle that had not been previously recognized but which is held to have retroactive application," id. at

---

[6] Murray v. Carrier and Reed v. Ross involve petitions brought under 28 U.S.C. § 2254, which covers federal habeas petitions for state prisoners, while petitioner brings his claims under 28 U.S.C. § 2255, "the analogue for federal prisoners to 28 U.S.C. § 2254," Simpson v. Matesanz, 175 F.3d 200, 211 (1st Cir. 1999). As the First Circuit has explained, however, "[t]here is no reason to think that the definition of 'cause' will vary between the two statutory provisions, and Bousley itself cites interchangeably to cases brought by state and federal prisoners." Id. (citing Bousley, 523 U.S. at 621).

[7] In Johnson II, the Court also overruled Sykes v. United States, 564 U.S. 1 (2011), a 2011 case where the Court again affirmed the constitutionality of the ACCA's residual clause. See Johnson II, 135 S. Ct. at 2563; Sykes, 564 U.S. at 15–16 ("The residual clause imposes enhanced punishment for unlawful possession of the firearm when the relevant prior offenses involved a potential risk of physical injury similar to that presented by burglary, extortion, arson, and crimes involving use of explosives. . . . It states an intelligible principle and provides guidance that allows a person to 'conform his or her conduct to the law.' Although this approach may at times be more difficult for courts to implement, it is within congressional power to enact." (quoting Chicago v. Morales, 527 U.S. 41, 58 (1999) (plurality opinion))).

17; see Welch, 136 S. Ct. at 1268; Johnson II, 135 S. Ct. 2563.  In Ross, the Court explained that when a Supreme Court decision "explicitly overrule[s] one of [its] precedents," then "there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a state court to adopt the position that this Court has ultimately adopted.  Consequently, the failure of a defendant's attorney to have pressed such a claim before a state court is sufficiently excusable to satisfy the cause requirement."  Ross, 468 U.S. at 17.  As such, petitioner's situation is distinguishable from one in which a state high court had previously rejected a claim, and so making an argument before a state court would have been futile.  See Engle v. Isaac, 456 U.S. 107, 130 & nn.35 & 36 (1982); see also Smith v. Murray, 477 U.S. 527, 537 (1986) ("[A]s a comparison of Reed and Engle makes plain, the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all.").  Here, the Supreme Court had previously rejected a residual clause challenge, giving petitioner no "reasonable basis" upon which petitioner could bring such a challenge.  Petitioner has sufficiently demonstrated cause.[8]

---

[8] The government claims — without any citation — that "there were plenty of vagueness challenges afoot as of the time of Overka's plea and sentencing in 2009."  Docket # 27, at 19.  To the extent these challenges were made, they had no reasonable basis and could be easily denied based on James.  See, e.g., United States v. Gore, 636 F.3d 728, 742 (5th Cir. 2011) (rejecting defendant's vagueness challenge to the ACCA's residual clause explaining only that "[t]his argument was rejected by the Court's opinion in James").

I also note that not addressing petitioner's claim would result in a "miscarriage of justice."  Cf. United States v. Duval, 957 F. Supp. 2d 100, 114–15 (D. Mass. 2013) ("[W]here a predicate offense is improperly classified as a 'violent felony' under the ACCA because of an intervening change in law which created a novel claim, 'cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration.' . . . The procedural default is excused as a fundamental miscarriage of justice." (quoting Murray, 477 U.S. at 495)).

## IV. Conclusion

Because Massachusetts unarmed robbery does not constitute a violent felony, petitioner does not qualify as an armed career criminal under the ACCA. His motion (Docket # 18) is ALLOWED.

|  |  |
|---|---|
| October 21, 2016 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |